(No. 76-CV-1339– ▮▮▮▮▮▮▮)

*In re* APPLICATION OF KATHY SOTO.

*Opinion filed March 5, 1982.*
*Opinion on application for attorney fees filed June 4, 1982.*

SPENCER W. SSCHWARTZ, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occured on April 25, 1974. Kathy Soto, wife of the deceased victim, George Soto, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on September 29, 1976, on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased husband, George Soto, age 21, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1977, ch. 70, par. 72 c)), to wit: aggravated battery (Ill. Rev. Stat. 1977, ch. 38, par. 12-4).

2. That on August 25, 1974, the victim was shot by an unknown offender during the course of a verbal dispute. The victim and the offender became involved in a verbal dispute inside a tavern located at 3256 West North Avenue, Chicago, Illinois. After the Claimant stepped outside the tavern, the offender produced a gun and shot the victim. The victim was taken to Walter Memorial Hospital for treatment. The injuries sustained by the victim left

him paralyzed and on October 26, 1976, he died as a result of those injuries. The offender was apprehended, prosecuted and convicted of aggravated battery prior to the victim's death.

3. That the Claimant seeks compensation for funeral expenses and for loss of support for herself and her minor children, Catalina Soto, age 1, and Ivette Soto, who was born 8 months after the incident.

4. That the Claimant has not submitted any evidence to substantiate her claim for funeral expenses.

5. That the Claimant, having not submitted the necessary evidence to support her claim for funeral expenses, has not met a required condition precedent for compensation for funeral expenses under the Act.

6. That the Claimant and her minor children were totally dependent upon the victim for support.

7. That prior to his death, the victim was employed by Soudan Metals Company and his average monthly earnings were $372.06.

8. That section 4 of the Act (Ill. Rev. Stat. 1977, ch. 70, par. 74) states ". . . loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less."

9. That the victim was 21 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States,* 1978, Life Tables, Volume II, his life expectancy would have been 71.1 years. The projected loss of support for 50.1 years is $223,682.48, which is in excess of $10,000.00 which is the maximum amount compensable under section 7(e) of the Act. Ill. Rev. Stat. 1977, ch. 70, par. 77(e).

10. That this claim complied with all pertinent provisions of the Act regarding loss of support and qualifies for compensation thereunder.

11. That pursuant to section 7(d) of the Act, this Court must deduct $200.00 from all claims plus the amount of benefits, payments or awards payable under the "Workmen's Compensation Act" (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), from local governmental, State or Federal funds or from any other source, except annuities, pension plans, Federal social security benefits and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance paid or payable to the Claimant.

12. That the Claimant has received $11,000.00 as the result of the settlement of a civil suit that was filed as the result of the incident. This can be counted as an applicable deduction.

13. That after making all the applicable deductions under the Act, the pecuniary loss resulting from the victim's death is in excess of $10,000.00 maximum allowed in section 7(e) of the Act.

14. That the Claimant's interest would be best served if the award hereunder would be paid pursuant to the alternative provisions of section 8 of the Act.

It is therefore, hereby ordered that the sum of $10,000.00 (ten thousand dollars) be and is hereby awarded to Kathy Soto, wife of George Soto, an innocent victim of a violent crime to be paid and disbursed to her as follows:

(a) Twenty (20) equal monthly payments of $500.00 (five hundred dollars) each to be paid to Kathy Soto for the use and benefit of Catalina Soto and Ivette Soto;

(b) In the event of the death or marriage of the Claimant or the Claimant's children, it is the duty of the personal representative of the Claimant to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.

## OPINION ON APPLICATION FOR
## ATTORNEY FEES

POCH, J.

This cause coming on to be heard on the petition of Applicant's counsel for attorney fees, it appearing that due notice has been given and the Court being fully advised in the premises;

On March 5, 1982, an opinion was rendered in this case wherein the Applicant, Kathy Soto, was awarded the sum of $10,000.00 to be paid periodically for the use and benefit of Catalina Soto and Ivette Soto. In his petition for attorney fees counsel seeks the sum of $2,500.00 plus out-of-pocket costs of $5.90 for a total of $2,505.90 and states that he performed various services including the preparation and documentation of the decedent's marriage, the birth of the decedent's two minor children, the establishing of decedent's wages, and the documentation of the nature and cause of death, connecting said death to the original crime which occurred over two years prior to his death.

Regarding attorney fees, the Crime Victims Compensation Act (Ill.Rev.Stat. 1977, ch. 70. par. 82) provides as follows:

"No fee may be charged to the applicant in any proceeding under this Act except as provided in this Act. If the applicant is represented by counsel or some other duly authorized agent in making application under this Act or in any further proceedings provided for in this Act, that counsel or agent may receive no payment for his services in preparing or presenting the application before the Court of Claims. He may, however, charge fees to the applicant for representing him at a hearing provided for in this Act but only in such amount as the Court of Claims determines to be reasonable."

In this case there is no record of a hearing ever having been held. Due to the inability of the Attorney General to follow through with its investigation for nearly four years the case was placed on docket call in an effort to bring the parties into court and allow them to confer

with the commissioner and the investigator. By appearing at the docket call Applicant avoided dismissal for want of prosecution. No hearing on the merits of the claim was ever held or scheduled. Therefore we feel constrained by the plain language of the Act to determine that no amount of compensation is reasonable. This determination is not meant in any way to reflect on the efforts of counsel.

Petition denied.